Petition of SCARPA.

No. 456460.

United States District Court
E. D. New York.

Dec. 13, 1949.

Harry Addelson, United States Naturalization Examiner, Brooklyn, New York, Frank, Weil & Strouse, New York City, for applicant, Samuel F. Frank, New York City, of counsel.

GALSTON, District Judge.

The petition for citizenship is opposed on the ground that the petitioner has failed to sustain the burden of establishing his loyalty to the United States.

The record discloses that the petitioner is of Italian nationality; that he came to the United States in 1930 and has lived in this country continuously since that time. On February 17, 1936 he was married to a native born United States citizen, and on January 29, 1948 filed his petition for naturalization, pursuant to sec. 310(b) of the Nationality Act of 1940, 8 U.S.C.A. § 710 (b).

On June 28, 1943 he executed and filed with his local draft board a statement of his personal history. Therein it appears that he objected to service in the land or naval forces of the United States. However, on the form which he executed in answering that inquiry, there appears the following passage: "You are informed that if you are an enemy alien * * * you will not ordinarily be acceptable for service in the land or naval forces of the United States, if you indicate in Item 41 above that you object to such service."

At the time that he executed this statement we were, of course, at war with Italy and in consequence the petitioner had the status of enemy alien.

On April 22, 1949 he was examined by the naturalization examiner and made this statement: "This statement I want to make in all sincerity. I am absolutely and fully convinced that the form of government which we enjoy in the United States is undoubtedly the best and I am in favor of it. I have always had a very strong and

firm attachment for the United States. The point I am trying to convey is this—the United States is my adopted country, but Italy also has a very strong hold on me for the reason that my relatives are all there, for the reason that I lived there and went to school there and I still have people over there. Now, when I say that I would be willing to fight any country except Italy without being a citizen of the United States is because that would not in any way cause my people in Italy to look upon me with any less affection. On the other hand, if I were an American citizen, I should fight even against Italy because that would be my duty and as such I would be obligated to do it. It is a thought hard to convey but nevertheless it is very real in me. My objection to service in the armed forces of the United States against Italy is not based upon any conscientious grounds, no, that I did not mean to convey."

The important thing, it seems to me, to note in the foregoing testimony is that the witness said that if he were an American citizen he would fight even against Italy, because that would be his duty.

I see nothing in the foregoing, therefore, to justify a denial of the petition for citizenship, particularly in the light of Girouard v. United States, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084; also in Petition of Crescenzi, D.C., 79 F.Supp. 461.

An order may be entered granting the petition. Settle order on notice.